UNITED STATES of America

v.

**BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.**

**Criminal Action No. 91–0655 (JHG).**

United States District Court,
District of Columbia.

Sept. 20, 1996.

Chap. 496, § 11 (July 26, 1993), codified at N.Y. Banking Law § 615 (McKinney 1971 & 1996

Cumulative Supp.) (emphasis added).

U.S. Department of Justice, Stefan D. Cassella, Deputy Director, Asset Forfeiture Office, Washington, DC, for the Government.

Milberg Weiss Bershad Hynes & Lerach, William S. Lerach, Leonard B. Simon, Dennis Stewart, William S. Dato, San Diego, CA and Kevin P. Roddy, Los Angeles, CA, for Petitioners.

## ORDER DISMISSING FOURTH ROUND PETITION

JOYCE HENS GREEN, District Judge.

Presently pending is the United States' motion to dismiss the petition ("L–Claim") filed by **Shrichand Chawla, Leo D. Curran, Willy Hermans and Red Circle Investment, Ltd., Jaleh Khorassanchy, Amit Pandya, Soha, Inc., Idriss Devco, Inc., and S & L Gentrade, Inc.** ("the petitioners"). Upon consideration of the motion to dismiss, all filings relating thereto and the entire record in this matter, the motion to dismiss will be granted.

### Background

On January 24, 1992, this Court, following findings of fact and conclusions of law with supporting reasons made in open court, accepted the pleas of guilty of the four corporate defendants (collectively known as "BCCI") and the plea agreement between BCCI and the United States of America. Thereupon, and in accordance with 18 U.S.C. § 1963, an Order of Forfeiture was entered.

Paragraph 1(e) of the Order provides that the corporate defendants named in this action shall forfeit to the United States ownership interests in all property located in the United States, including, without limitation, real property and all tangible and intangible personal property, however held, whether subsequently identified, determined or discovered in the course of the ongoing liquidation proceedings described therein or otherwise identified, determined, or discovered in any manner at any time, but not property that may be brought into the United States by or on behalf of the Court–Appointed Fiduciaries of BCCI in the course of the management or disbursement of the liquidation estates as described in the plea agreement.

Attached to the First Order of Forfeiture was a listing of BCCI accounts, with corresponding numbers, names, and approximate balances, which the United States Marshals Service was directed to seize forthwith. Because the government was unable to verify certain information concerning additional forfeitable accounts at the time the Order of Forfeiture was entered, the Court issued a First Supplemental Order on January 31, 1992, which directed immediate seizure of the specific assets listed therein. The Court has since amended the Order of Forfeiture to include additional assets, including property set forth in Second, Third and Fourth Supplemental Lists of Forfeited Property. *See* Order of Forfeiture of July 29, 1992 (Second Order of Forfeiture); Order of Forfeiture of August 19, 1993 (Third Order of Forfeiture); Order of Forfeiture of December 21, 1994 (Fourth Order of Forfeiture).

In compliance with 18 U.S.C. § 1963(*l*)(1) and to inform third parties of their potential rights to seek recovery of assets declared forfeited in the Fourth Order of Forfeiture, the United States published notice of the Order of Forfeiture, as amended, during the period from January 24, 1995 until April 14, 1995 in eleven major newspapers of general circulation including the *Wall Street Journal,* the *New York Times,* the *International Herald Tribune,* the *Los Angeles Daily Journal,* the *Washington Post,* and *USA Today. See* United States' Notice to the Court, at 1 & Exhibit A (filed Apr. 3, 1995). In addition, personal notice was sent to 267 persons and entities. *See* United States' Notice to the Court, at Exhibit A (filed Mar. 20, 1995).

On April 23, 1996, this Court held hearings on the Fourth Round Petitions, making the United States' motion to dismiss ripe.[1]

### Discussion

Title 18, United States Code, Section 1963 sets forth an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims. The provision granting standing to parties seeking to amend an order of forfeiture to exclude certain property states:

> Any person other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

18 U.S.C. § 1963(*l*)(2).

Section 1963(*l*)(6) sets forth the substantive elements that a third party must establish to obtain amendment of an order of forfeiture. This section provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe

that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.[2]

■ A petitioner must first establish standing. Only by establishing standing and satisfying the requisite elements of either Subsection 1963(*l*)(6)(A) or Subsection 1963(*l*)(6)(B) may a party obtain judicial relief from an order of forfeiture. *See United States v. BCCI Holdings (Luxembourg), S.A., et al.*, 833 F.Supp. 9, 13 (D.D.C.1993), *aff'd*, 46 F.3d 1185, 1188 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States*, —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *United States v. Schwimmer*, 968 F.2d 1570, 1584 (2d Cir.1992); *United States v. Lavin*, 942 F.2d 177, 187 (3d Cir.1991). If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing. *See United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir.1988); *United States v. Mageean*, 649 F.Supp. 820, 825 (D.Nev.1986), *aff'd without opinion*, 822 F.2d 62 (9th Cir. 1987); S.Rep. No. 225, 98th Cong., 1st Sess. 191, 208 n. 46 (Sept. 12, 1983).

■ The petitioners represent numerous persons who were BCCI depositors on July 5, 1991, the date that banking regulators in the United States seized BCCI's assets. *See* L–Claim, at ¶ 5. In 1992, these petitioners sued numerous defendants, including Clark Clifford and Robert Altman, under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, in the U.S. District Court for the Central District of California. *See Hamid v. Price Waterhouse & Co.*, Case No. 89–CV–89–6538 (C.D.C.). The complaint was dismissed. *See id.*, Memorandum Opinion and Order, 1992 WL 696398 (Apr. 30, 1992), *aff'd*, 51 F.3d 1411 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 709, 133 L.Ed.2d 664 (1996).

---

1. The petitioners neither requested nor appeared for oral argument on April 23, 1996.

2. Title 18 U.S.C. § 1963(*l*)(6) contains exactly the same language as 21 U.S.C. § 853(n)(6), the statute providing for forfeiture in criminal narcotics cases, and it appears that no court has interpreted these two provisions differently. Because the two subsections are identical and because of the relative dearth of case law interpreting and applying Section 1963(*l*), the Court's opinion relies on the reasoning contained in Section 853(n) cases as well as that of Section 1963(*l*) cases.

Based on the racketeering activity alleged by the *Hamid* plaintiffs, the petitioners here (formerly the *Hamid* plaintiffs) claim an interest in all of the assets forfeited to the United States by BCCI. *See* L–Claim, at ¶ 2 (incorporating the Hamid Petition of March 11, 1992, by reference); *BCCI Holdings (Luxembourg),* 833 F.Supp. at 11 (describing the Hamid Petition).

This Court has rejected the petitioners' argument twice before. *United States v. BCCI Holdings (Luxembourg), S.A., et al.,* 833 F.Supp. 9 (D.D.C.1993), *aff'd,* 46 F.3d 1185 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States,* — U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). For the reasons described in *BCCI Holdings (Luxembourg), S.A., et al.,* 833 F.Supp. at 14–16, the petitioners' argument is rejected again.

### CONCLUSION

Accordingly, it is hereby

ORDERED that the United States' Motion to Dismiss is granted. The petition of **Shrichand Chawla, Leo D. Curran, Willy Hermans and Red Circle Investment, Ltd., Jaleh Khorassanchy, Amit Pandya, Soha, Inc., Idriss Devco, Inc., and S & L Gentrade, Inc.** shall be, and hereby is, dismissed.

IT IS SO ORDERED.