UNITED STATES of America, Appellee,

v.

Paul J. RAIMONDO, Appellant.

UNITED STATES of America, Appellee,

v.

Carol BELLO, Appellant.

UNITED STATES of America, Appellee,

v.

James Richard BELLO, Appellant.

Nos. 82–5163, 82–5186 and 82–5187.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 31, 1983.

Decided Nov. 23, 1983.

Rehearing and Rehearing En Banc
Denied Jan. 4, 1984.

William L. Marquat, Westminster, Md., for appellant Paul Raimondo.

Robert B. Schulman, Baltimore, Md., for appellant Carol Bello.

Reed E. Hundt, Washington, D.C. (Latham, Watkins & Hills, Washington, D.C., on brief), for appellant James R. Bello.

Price O. Gielen, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Arthur F. Fergenson, Sp. Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

James Bello, his wife, Carol Bello, and Paul Raimondo were convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. In addition, James Bello was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The jury also forfeited James Bello's interests in three properties under 21 U.S.C. § 848(a)(2) as the profits of his continuing criminal enterprise.

■ As the government properly concedes, the distribution and conspiracy charges in this case are lesser included offenses of the continuing criminal enterprise charge. *Jeffers v. United States,* 432 U.S. 137, 149–50, 97 S.Ct. 2207, 2215–16, 53 L.Ed.2d 168 (1977). We therefore vacate James Bello's convictions for distributing and conspiring to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and 846.

■ James Bello also challenges his conviction on the ground that, because of a conflict of interest between him and his trial attorney, he was denied effective assistance of counsel. This court has noted that there may be occasions where it will consider such a challenge on direct appeal without requiring the appellant to attack the conviction collaterally. *United States v. Mandello,* 426 F.2d 1021, 1023 (4th Cir. 1970). In this case, however, the record on this issue is not fully developed. We therefore dismiss the claim of ineffective assistance of counsel without prejudice. It may be raised separately by motion under 28 U.S.C. § 2255. *United States v. Lurz,* 666 F.2d 69, 78 (4th Cir.1981).

Carol Bello, joined by her husband, challenges the forfeiture to the government of three properties as the profits of James Bello's continuing criminal enterprise. The Bellos argue that identification of the properties subject to forfeiture was inadequate, that the jury instructions were improper, and that interests in the properties held by Carol Bello and the Bellos' attorney were not subject to forfeiture. These contentions are without merit.

■ As the Bellos note, a person cannot be deprived of property without first being notified of the proposed taking. This principle is reflected in Rule 7(c)(2) of the Federal Rules of Criminal Procedure, which provides that "[n]o judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture." The rule does not, however, require that the indictment describe each item subject to forfeiture. This can be done in a bill of particulars. *United States v. Grammatikos,* 633 F.2d 1013, 1024–25 (2d Cir.1980).

■ The indictment gave notice that the government sought forfeiture of all of Bello's profits and property specified in § 848(a)(2)(A) and (B). It identified the profits and property in the language of the statute. Moreover, the government supplemented the indictment by a bill of particulars describing in detail the property sub-

ject to forfeiture. We conclude, therefore, that the indictment satisfied the requirements of Rule 7(c)(2) and that Bello received adequate notice of the government's intention to forfeit his profits and property.

■ The jury instructions were proper. They adequately explained the elements of § 848(a)(2) which the government was required to establish for forfeiture of the properties.

■ The evidence and the inferences that can be reasonably drawn from the evidence disclosed that Carol Bello was involved in the criminal activities of her husband and that she was well aware of the source of the funds used to purchase the forfeited properties. Also, the attorney, Stephen Rosen, was put on notice by the indictment that James Bello's profits and property were subject to forfeiture. As James Bello's defense counsel, he could not have been unaware of the possibility that the property conveyed to his law firm in return for legal services may have represented the profits of James Bello's continuing criminal enterprise. The jury therefore could reasonably have found that even those property interests held by Carol Bello and Rosen retained their character as profits subject to forfeiture. *See United States v. Long,* 654 F.2d 911, 916 (3d Cir.1981).

Our disposition of this case does not bar Rosen or his law firm from opposing the government's forfeiture of the realty conveyed to them. Neither Rosen nor his law firm is a party to this criminal action, and our decision is not res judicata with respect to them.

We find no cause for reversal in the other assignments of error. The evidence is adequate to support the judgments, the district court properly denied the motions for severance, and evidence seized from Raimondo's residence was admissible.

The judgments in 82–5163 (Raimondo) and 82–5186 (Carol Bello) are affirmed.

In 82–5187, James Bello's convictions and sentences on counts one through eight, which charge violations of 21 U.S.C. §§ 841(a)(1) and 846, are vacated. His conviction under count nine, which charges a violation of 21 U.S.C. § 848, is affirmed.

His case is remanded for resentencing under count nine and dismissal of counts one through eight.

Because James Bello has been convicted of violating § 848, the court has the power to sentence him to whatever penalty is authorized by that statute. *See United States v. DiFrancesco,* 449 U.S. 117, 132–39, 101 S.Ct. 426, 434–38, 66 L.Ed.2d 328 (1980); *United States v. Jefferson,* 714 F.2d 689 at 707 (7th Cir.1983); *McClain v. United States,* 676 F.2d 915, 917–18 (2d Cir.1982); *United States v. Busic,* 639 F.2d 940, 946–53 (3d Cir.1981). Nevertheless, the punishment imposed under count nine on remand may not exceed the punishment initially imposed on all counts, unless the criteria for an increased sentence set forth in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), are fully satisfied.

No. 82–5163 (Raimondo) AFFIRMED; No. 82–5186 (Carol Bello) AFFIRMED; No. 82–5187 (James Bello) count nine conviction AFFIRMED AND REMANDED FOR RESENTENCING; counts one through eight judgments VACATED AND REMANDED FOR DISMISSAL.