UNITED STATES of America, Appellee,

v.

Marvin A. LEIFRIED, Appellant.

No. 83–5054.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1984.

Decided April 19, 1984.

James M. Bradley, Jr., Parkersburg, W.V., for appellant.

H.F. Salsbery, Jr., Asst. U.S. Atty., Wheeling, W.V. (William A. Kolibash, U.S. Atty., Wheeling, W.V., on brief), for appellee.

Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Marvin Leifried was convicted by a jury of engaging in a continuing criminal enterprise involving the importation, distribution, and sale of marijuana in violation of 21 U.S.C. § 848. In addition, he was charged with, convicted of, and sentenced for (a) a series of individual drug trafficking offenses in violation of 21 U.S.C. § 841(a)(1), and (b) a number of violations of the Travel Act, 18 U.S.C. § 1952(a)(3).

He received consecutive sentences on each conviction.

Leifried appeals, contending that the convictions under § 841(a)(1) should be vacated because those individual violations are each lesser included offenses in the continuing criminal enterprise conviction. We have recently addressed this precise issue and resolved it in favor of the interpretation advanced by Leifried. *United States v. Raimondo*, 721 F.2d 476 (4 Cir.1983).

■ For some time it has been established law that conspiracy charges brought under 21 U.S.C. § 846 are lesser included offenses of a continuing criminal enterprise conviction under 21 U.S.C. § 848. *Jeffers v. United States*, 432 U.S. 137, 149–50, 97 S.Ct. 2207, 2215–16, 53 L.Ed.2d 168 (1977). The logic behind this holding impelled us to accept the government's concession that the same result should apply for distribution charges arising under 21 U.S.C. § 841 in *United States v. Raimondo, supra.* at 477. We therefore vacate Leifried's convictions under § 841 and remand the case for resentencing.

■ In vacating Leifried's convictions under § 841, we stress that the holding in *Raimondo* does not preclude the government from prosecuting for the lesser included offenses in similar instances. Likewise, the district court may properly submit the question of the defendant's guilt on the lesser included offenses to a jury. However, if, as here, the defendant is convicted of the greater offense, the convictions for the lesser offenses are subsumed and cannot stand.

■ Leifried advances a number of other contentions suggesting his convictions should be set aside. We find them lacking in merit. First, Leifried argues that the evidence was insufficient to go to the jury on Count Five of the indictment, which alleged importation of narcotics. He suggests that this insufficiency also renders erroneous the jury's consideration of the evidence on Count Five in their assessment of the continuing criminal enterprise allegation in Count One. We believe, taking

the view most favorable to the government, that the evidence was sufficient to go to the jury on Count Five of the indictment. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Accordingly, we find no error in allowing the jury to consider Count Five in their evaluation of guilt under Count One alleging a continuing criminal enterprise.

■ Second, Leifried argues that his convictions under the Travel Act should be set aside because the indictment fails to cite specific statutory references detailing transgressions of state and federal law in conjunction with interstate travel. We disagree. The indictment did inform the defendant in each of the questioned counts of: the date of the alleged offense, the places where the travel was alleged to have originated and terminated, the business enterprise involved, and the controlled substance involved. Because the defendant was apprised throughout the indictment of the statutory references making drug trafficking a crime, the failure to repeat those references could not have prejudiced Leifried in any way.

■ Leifried has also expressed dissatisfaction with both his trial counsel and his appellate counsel. With respect to trial counsel, we can find nothing in the record to indicate that Leifried's attorney was not within the range of competence demanded in a criminal case.[1] Counsel's decision to admit guilt on individual drug trafficking offenses where the evidence of guilt was overwhelming and attempt to persuade the jury of Leifried's innocence of the continuing criminal enterprise charge was acceptable trial strategy. That decision does not appear to have been the result of "neglect or ignorance rather than from informed professional deliberation." *Marzullo v. Maryland,* 561 F.2d 540, 544 (4 Cir.1974). Thus, we conclude that Leifried was not denied effective assistance of counsel at trial.

■ On the eve of oral argument in this appeal, Leifried moved *pro se* to dismiss his appellate counsel.[2] Though we find no merit in Leifried's allegations of neglect on the part of his attorney, we acknowledge his right to insist that he not be represented by a particular individual. Accordingly, Leifried's motion to dismiss his attorney is granted. However, the apparent frivolity of his allegations persuades us not to appoint another attorney to represent him.

■ After argument in this appeal, Leifried moved *pro se* to hold this decision in abeyance pending a remand for correction of alleged errors in the transcript of a pre-trial hearing. We have examined Mr. Leifried's allegations and believe, assuming their accuracy, they are irrelevant to any substantive appealable issue. Thus, Leifried's motions are denied and his convictions under 21 U.S.C. § 841(a)(1) are hereby vacated and the case remanded for resentencing.

AFFIRMED IN PART; REVERSED IN PART.

---

1. Because Leifried's complaints about his trial counsel are based upon facts appearing in the record, we decide the issue in this direct appeal. *See United States v. Fisher,* 477 F.2d 300 (4 Cir.1973).

2. Because counsel, faced with this motion on the eve of argument, did not have the opportunity to prepare a response in advance, we heard argument from him in this case.