UNITED STATES, Plaintiff,

v.

ONE PARCEL OF LAND ... COMMONLY KNOWN AS 4204 CEDARWOOD, MATTESON, IL, et al., Defendant.

No. 85 C 4967.

United States District Court,
N.D. Illinois, E.D.

July 8, 1985.

Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Sam Adam, Edward M. Genson, Jeffrey B. Steinback, Thomas A. Corfman, Genson & Steinback, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the Court on claimant Benson Hilt's motion to exclude attorney's fees and costs from forfeiture to the Government. On May 22, 1985, the Government filed a complaint alleging that Hilt's real estate, money, cars, and other

things of value are subject to forfeiture because they were allegedly acquired through illicit drug transactions. This court has entered an order restraining the transfer of assets subject to forfeiture during the term of this litigation. The Government stated that it intends to seek forfeiture of all proceeds of Hilt's drug activities, including any payment of money by Hilt to his attorneys. Hilt's attorneys, therefore, have not filed appearances in this case and have not yet accepted any fees from their client, Hilt. In response to the Government's stated intentions, Hilt and his attorneys have moved this Court to exclude from any forfeiture under 21 U.S.C. section 881 all of Hilt's attorney's fees and costs of litigation. They argue that: (1) such fees are not explicitly mentioned in section 881's list of items subject to forfeiture, (2) that payment of attorney's fees would fall within section 881's innocent ownership defense or exception, and (3) to permit section 881 to encompass attorney's fees would deprive Hilt of his Sixth Amendment right to counsel, would violate due process by destroying the attorney-client relationship, would deprive Hilt of his right to due process at the forfeiture proceeding, and would deprive Hilt's attorneys of their rights under the Fifth Amendment. In response, the Government contends that the motion to exclude is procedurally defective because it seeks an advisory opinion and is substantively defective because section 881 includes all drug proceeds, because Hilt's attorneys do not fall within the innocent owner exception or defense, and because including such fees does not render the statute unconstitutional under either the Sixth or Fifth Amendments.

■ The Government argues that Hilt and his attorneys are seeking an advisory opinion because no fees have yet been received from Hilt. The pre-trial threat of forfeiture of attorney's fees has been considered and addressed by another District Court, where counsel had filed conditional appearances which they stated would be revoked if the fees were held forfeited under the forfeiture provisions of the Racketeer Influenced and Corrupt Organizations Act. *United States v. Rogers*, 602 F.Supp. 1332, 1348 (D.Colo.1985). This Court believes that an actual case or controversy presently exists which is ripe for adjudication and should rule on the issue of whether, under 21 U.S.C. section 881, attorney's fees and litigation costs are excluded from the forfeiture action.

■ Section 881(a)(6) provides: "(a) the following shall be subject to forfeiture to the United States and no property rights shall exist in them: (6) All monies ... furnished or intended to be furnished in exchange for a controlled substance, ... all proceeds traceable to such an exchange, and all monies ... used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by the owner to have been committed or omitted without the knowledge or consent of that owner."

The plain language of the statute provides that "all monies" and "all proceeds" are subject to forfeiture. Hilt first argues that because attorney's fees are not expressly included in section 881, they cannot be subject to forfeiture. Such fees or payment, however, certainly fall within the broad items of monies and proceeds and need not be listed as an individual item when such expansive categories have been established. Therefore, the plain language of section 881 includes attorney's fees within its list of property subject to forfeiture.

■ Hilt's attorneys argue that the plain language of the statute expressly places them within the innocent owner exception. Such an exception applies where an owner's property is used for an illicit purpose without the owner's consent or knowledge. The attorneys contend they acquired an interest in the fees payment after the illicit act or omission by virtue of honest legal services rendered to their client in an arm's length transaction. By obtaining their interest after the illicit act, the attorneys argue that they could not

consent to the act, have knowledge of the act, or prevent the act. Therefore, they assert that they are innocent owners of property—their earned attorney's fees.

■ This court, however, cannot agree with this analysis. The attorneys are not property owners whose property, without their knowledge or consent, was used for an illicit purpose. The Government acquired an interest in all monies and all proceeds at the time those funds were used to violate the drug laws. *United States v. $84,000 U.S. Currency,* 717 F.2d 1090 (7th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 131, 83 L.Ed.2d 71 (1984). *See* 21 U.S.C. § 881(h). The forfeiture actually occurs at the moment of illegal use and no third party can acquire a legally recognizable interest in the property after the activity that subjects it to forfeiture. *United States v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D.Tex.1983). Therefore, if these "tainted" funds are used to pay the attorneys, the Government has an interest in them which it will seek to establish in the forfeiture proceedings. The attorneys are not innocent owners, but may establish their adverse interest in the funds by establishing that untainted legal funds were used to pay them for their services and, therefore, the funds are property not subject to forfeiture.

The legislative history of section 881 does not suggest a different interpretation. Congress amended section 881 in 1978 to include the categories of "all monies" and "all proceeds," but there is no discussion or treatment of attorney's fees within the new terms. Joint Explanatory Statement, 124 Cong.Rec. S17647 (Oct. 7, 1978), 1978 U.S. Code Cong. & Adm.News 9518. Congress has acted consistently to attack the economic aspects of drug crimes and has sought to "increase the use of forfeiture and criminal fines...." H.R. 98–845, 98th Cong., 2d Sess. at 1 (Committee on the Judiciary). The Committee on the Judiciary discussed attorney's fees in the context of the RICO amendments, but did not settle existing court conflicts regarding restraining orders and the right to retain counsel. *Id.* at 19, n. 1.

■ The Report of the Senate Judiciary Committee, in addressing the related forfeiture provisions of RICO, states that third party claims to property will prevail where the third party acquired his or her legal interest after the acts giving rise to the forfeiture, but did so in the context of a *bona fide* purchase for value and had no reason to believe that the property was subject to forfeiture. It has been held that an indictment constitutes notice that the assets are subject to forfeiture. *United States v. Raimondo,* 721 F.2d 476 (4th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984). The notice is no less when the complaint in a forfeiture action contains allegations that virtually all of the assets of the person named were acquired through illegal drug deals. Notice that assets may have been so acquired defeats the notion of an innocent and *bona fide* purchaser for value. That is particularly true when the transfer of the assets under siege has not yet been effected.

■ Finally, Hilt's attorneys have argued that to permit forfeiture under section 881 of any fees paid them would render the statute unconstitutional in several respects. The attorneys assert their own constitutional rights would be infringed by the forfeiture of fees. They argue that they would be deprived of their property, the fees, without due process. The Government, however, has asserted rights in the money at issue and both parties will be permitted to participate in the forfeiture proceedings. The attorneys further argue that the forfeiture would constitute government interference in their right to practice their profession. The court is not persuaded that the eventual forfeiture of money paid to attorneys which has been determined to be derived from drug crimes creates unwarranted government interference with the attorneys' practice of law.

■ Hilt's constitutional rights are also raised. Hilt's Sixth Amendment right to

assistance of counsel in a criminal trial is not applicable to the civil case currently before the court. While the court does not resolve this issue today, the purpose of the forfeiture statutes is to attack the economic base of the illicit drug industry and Hilt's right to choose his counsel may be dictated by his ability to use legally obtained resources to pay his counsel.

 The attorney-client relationship between Hilt and his attorney is also alleged to be destroyed by the threat of fee forfeiture. Generally, information about the fees paid to an attorney is not considered privileged information and its production does not destroy the attorney-client relationship. *In Re Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 492 (7th Cir.1984).

 The attorneys argue further that Hilt's inability to retain counsel in this forfeiture proceeding will deny him due process. They assume, apparently, that the threat of forfeiture of fees and adverse publicity will deprive Hilt of counsel and leave him to face the forfeiture proceedings *pro se*. If all competent attorneys refuse to accept Hilt as a client and he is indigent, counsel may be appointed.

In brief, this court cannot grant the motion to exclude all attorney's fees and litigation costs from a potential forfeiture under section 881. If the fees prove to be monies or proceeds from illicit drug transactions, this court has no power to exclude them from forfeiture.