**UNITED STATES of America**

v.

**Anthony D. FIGUEROA, Defendant.**

**Crim. No. 85–272.**

United States District Court, W.D. Pennsylvania.

Aug. 11, 1986.

**454**

James J. Ross, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.

William C. Kaczynski, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Petitioner William C. Kaczynski (Kaczynski) seeks a modification of the forfeiture order entered by the Court on March 24, 1986, to permit payment of the attorney's fees and costs that he incurred in representing defendant Anthony Figueroa.

On January 17, 1986, the Court appointed Kaczynski as counsel for defendant Figueroa after Figueroa's original court-appointed counsel withdrew his representation. In the indictment against him, Figueroa was charged with various violations of the Drug Abuse Prevention and Control Act (Drug Control Act) and the Travel Act. In addition, Count 11 of the indictment charged a criminal forfeiture under 21 U.S.C. § 853 of $32,001 that was seized by the government when Figueroa was arrested. A jury found Figueroa guilty of all substantive charges against him and entered a special verdict for forfeiture of the $32,001.

On March 24, 1986, in accordance with 21 U.S.C. § 853(a), the Court ordered the $32,001 to be forfeited to the United States. Subsequently, the government, as required

by § 853(n)(1), published notice of the Court's order. Kaczynski then filed his petition seeking modification of the Court's order.

Kaczynski and the government have submitted briefs on the issue of whether the Court can modify its forfeiture order to permit the payment of counsel fees and expenses to court-appointed counsel. In addition, the Court has received letters from both parties stating that they would have no evidence to present at a hearing, if one were held. Because the only question before the Court is legal, and not factual, the Court finds that an evidentiary hearing is not necessary. The Court will decide Kaczynski's petition based on the briefs submitted by the parties. For the reasons that follow, Kaczynski's petition is granted.

The Court is unaware of any case law dealing with the precise issue presented in this case—whether the Court can order payment of counsel fees to court-appointed counsel from money that has been ordered forfeited. However, an examination of the criminal forfeiture statute, its legislative history, and cases interpreting the forfeiture statute with respect to the fees and expenses of privately-retained counsel provide assistance to the Court in resolving this issue.

■ Initially, the Court notes that the Criminal Justice Act of 1984, 18 U.S.C. § 3006A(f) provides:

Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney....

Under the statute, the Court, in order to direct the payment of funds to a court-appointed attorney, must find that such funds are "available" for payment. *United States v. Santarpio*, 560 F.2d 448, 455 (1st Cir.), *cert. denied*, 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478 (1977). Kaczynski argues that the money ordered forfeited by the Court is a source from which funds are

available for payment on behalf of defendant Figueroa. The Court agrees.

■ The criminal forfeiture statute permits a third party who asserts an interest in property that has been ordered forfeited to petition the Court for an adjudication of his interest, 21 U.S.C. § 853(n)(2), and the Court should amend its forfeiture order if:

(A) [T]he petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order for forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6). In the instant action, it appears that Kaczynski may not be able to make a specific claim for relief under § 853(n)(6). However, the legislative history of the forfeiture statute states that "third parties who assert claims to criminally forfeited property ... are entitled to a judicial determination of their claim." S.Rep. No. 225, at 208, 1984 U.S.Code Cong. & Ad. News, 3182 at 3391. As defendant Figueroa's court-appointed counsel, Kaczynski was a good faith provider of legal services, and the Court, therefore, finds that he falls within the scope of persons that Congress recognized as being entitled to a judicial determination of their claims. *See United States v. Reckmeyer*, 631 F.Supp. 1191, 1194 (E.D.Va.1986).

To determine whether Kaczynski is entitled to payment of his attorney's fees from the forfeited money, it is necessary to analyze the forfeiture statute and its legislative history. The Comprehensive Forfeiture Act of 1983 (Forfeiture Act) established the criminal forfeiture provisions for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1963, and the Drug Control Act, 21 U.S.C. § 853. Congress enacted the criminal forfeiture provisions to provide law enforcement officials with a tool to attack the economic bases of racketeering organizations and drug traffickers and to strip such organizations of their economic power. S.Rep. No. 225, 98th Cong., 2nd Sess. 191, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3374.

Prior to the Forfeiture Act, RICO and the Continuing Criminal Enterprise (CCE) statute, 21 U.S.C. § 848, contained criminal forfeiture provisions, but under these provisions, the government was authorized to seize assets only after the defendant was found guilty and a special verdict of forfeiture had been entered. S.Rep. No. 225, at 193–194, 1984 U.S.Code Cong. & Ad. News, at 3376–77. The legislative history of the Forfeiture Act demonstrates that Congress was particularly concerned with preventing defendants from defeating forfeiture by removing, transfering, or concealing their assets prior to conviction. To remedy this problem of pre-conviction disposition of forfeitable assets, the criminal forfeiture provision of the Drug Control Act provides as follows:

All right, title, and interest in property [subject to criminal forfeiture] vests in the United States upon commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes ... that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(c).

■ The government argues that the "relation-back" provision of 21 U.S.C. § 853(c) precludes Kaczynski from claiming an interest in any part of the forfeited

money because the government's interest in the money vested before Kaczynski was appointed as counsel for Figueroa.[1] Although the government's contention apparently is supported by a literal reading of § 853(c), the legislative history of the Forfeiture Act and relevant case law demonstrate that Kaczynski's claim is not precluded by that section.

In discussing 18 U.S.C. § 1963(c), a provision of RICO that is virtually identical to § 853(c) of the Drug Control Act, the Senate Report states "the purpose of this provision is to permit the voiding of certain pre-conviction transfers and so close a potential loophole in current law whereby the criminal forfeiture sanction would be avoided by transfers that were not 'arm's length' transactions." S.Rep. No. 225, at 201, 1984 U.S.Code Cong. & Ad. News, 3182 at 3383–84. In *Reckmeyer*, the Court noted that § 853(c) authorizes a court to set aside illusory or fraudulent transfers so that a defendant cannot avoid forfeiture by transferring assets prior to conviction. *Reckmeyer*, 631 F.Supp. at 1196. The Court, considering whether the fees of privately-retained counsel are forfeitable, concluded that exempting legitimate attorney's fees from forfeiture would not undermine the statutory purpose because "an attorney who receives funds in return for services legitimately rendered operates at arm's length and not as part of an artifice or sham." *Id.* (*quoting United States v. Rogers*, 602 F.Supp. 1332, 1348 (D.Col.1985)). Other courts considering the criminal forfeiture provisions of RICO and the Drug Control Act have also found that the fees of privately-retained counsel are exempt from forfeiture. *See Rogers*, 602 F.Supp. at 1332; *United States v. Badalmenti*, 614 F.Supp. 194 (S.D.N.Y.1985); *United States v. Ianniello*, 644 F.Supp. 452 No. S85 Cr. 115 (CBM), S.D.N.Y. Sept. 4, 1985). *But see In Re Grand Jury Subpoena Duces Tecum Dated January 2, 1985*, 605 F.Supp. 839, 849–50 n. 14 (S.D.N.Y.1985) (dicta), *rev'd. on other grounds*, 767 F.2d 26 (2nd Cir.1985); *United States v. One Parcel of Land*, 614 F.Supp. 183 (N.D.Ill. 1985) (interpreting civil forfeiture provision of 21 U.S.C. § 881, Court concluded that "tainted" funds that are proceeds from illicit drug transactions cannot be used to pay attorney's fees). In *Reckmeyer*, the Court, in exempting the fees of privately-retained counsel from forfeiture, based much of its reasoning on the interference with the defendant's Sixth Amendment right to counsel of choice that might result if the attorney's fees were ordered forfeited. *Reckmeyer*, 631 F.Supp. at 1195–97.

In the instant action, Kaczynski is court-appointed counsel and Figueroa's Sixth Amendment right to counsel of choice is not implicated. However, as court-appointed counsel, Kaczynski certainly provided legitimate legal services and was not part of an artifice or sham. Because the fees of privately-retained counsel can be paid from money that has been ordered forfeited, *see Reckmeyer*, 631 F.Supp. at 1198, such money can be a source of funds that are available for payment on behalf of a person furnished representation by court-appointed counsel. In the instant action, determining that the forfeited money pro-

---

1. The government bases its argument that its interest in the forfeited money vested at the time the crimes were committed by Figueroa on a provision of the civil forfeiture statute, 21 U.S.C. § 881(h). The government contends that this provision is applicable pursuant to 21 U.S.C. § 853(j). However, § 853(j) provides "Except as to the extent that they are inconsistent with the provisions of this section, the provisions of § 881(d) of this title shall apply to a criminal forfeiture under this section." It makes no reference to the applicability of § 881(h). Further, there is a difference in the nature of the proceedings for civil forfeiture under § 881, which are *in rem* proceedings, and those for criminal forfeiture under § 853, which are *in personam* proceedings. *See United States v. Long*, 654 F.2d 911, 914–16 (3d Cir.1981); S.Rep. No. 225, at 209–10, 1984 U.S.Code Cong. & Ad. News, 3182 at 3392–93 (discussing differences of civil and criminal forfeiture proceedings). Section 881(h), therefore, is inapplicable to the instant action. However, because the effect of § 881(h) on civil forfeiture proceedings is similar to that of the "relation-back" provision in § 853(c) on criminal forfeiture proceedings, the Court will construe the government's argument as if it had been made under 21 U.S.C. § 853(c).

vides a source of funds available for paying Kaczynski's attorney's fees would not conflict with the forfeiture statute's purpose of preventing pre-conviction transactions designed to avoid forfeiture.

The Court, therefore, finds that its forfeiture order of March 24, 1986, should be amended and that the attorney's fees and costs of petitioner Kaczynski should be rescinded from the total amount of money that had been ordered forfeited to the United States.

■ With his petition, Kaczynski attached an itemized account of the fees and expenses that he incurred in representing Figueroa. Subsequently, he submitted to the Court a CJS Voucher Form 20 with an updated claim for services and expenses. Based on the Voucher Form and the Statement of Account submitted with it, the Court finds that the amount to be rescinded from the forfeited money is $6,685.19. This amount consists of $2,670 for in-court expenses (44.5 hours at $60 per hour), $3,804 for out-of-court expenses (95.1 hours at $40 per hour), and expenses of $211.19.

An appropriate Order will be issued.