UNITED STATES of America, Plaintiff,

v.

Charles Edward BAILEY and Raymond Earl Bailey, Defendants.

No. LR–CR–87–63.

United States District Court, E.D. Arkansas, W.D.

Aug. 21, 1987.

Robert J. Govar, Asst. U.S. Atty., Little Rock, Ark., for plaintiff.

R. David Lewis, Little Rock, Ark., for defendants.

### ORDER

ROY, District Judge.

Before the Court is the United States' Motion to Stay and Vacate the Magistrate's Order of April 27, 1987. In that Order, the Magistrate directed the United States to pay $8,000 in monies seized pursuant to a search warrant to R. David Lewis as a portion of his fee for representing the defendants. The defendants have responded to the Motion. The Government has stated that the administrative forfeiture has not run its course and judicial action on the forfeiture is premature. The Court has reviewed the transcript of the hearing held before the Magistrate and makes the following findings.

The Government's brief alleges, and it is not disputed by defendants, that on March 19, 1987, during the execution of a state search warrant, the defendants were arrested by state and local law enforcement officers for possession of cocaine with intent to distribute and conspiracy to distribute cocaine. During the execution of that warrant, the executing officers seized $18,561.00 in United States currency. The case was subsequently dismissed in state court, and the case was brought to the office of the United States Attorney for the Eastern District of Arkansas for federal criminal prosecution rather than state court prosecution. On Thursday, April 2, 1987, the defendants were arrested on a federal complaint charging them with conspiracy to distribute cocaine and distribution of cocaine. The defendants moved for an order directing the United States to return the $18,561.00 which was seized during the execution of the warrant. After holding a hearing on the matter, the Magistrate balanced the Sixth Amendment right to the assistance of counsel against the public interest in the orderly administration of justice, and, relying heavily on *United States v. Harvey*, 814 F.2d 905 (4th Cir. 1987) concluded that the administrative for-feiture scheme herein places a criminal defendant at the mercy of the prosecuting arm of the United States for the return of such property without significant procedural protections. Thus, it was determined that the defendants were denied their Sixth Amendment right to counsel of their choice and their Fifth Amendment right to due process. The Magistrate stated that the Government may avoid returning the seized property in this type situation only where they can discharge the burden of showing either (1) the availability of adequate untainted resources, or (2) that the proposed attorney fee transfer is a sham or fraud upon the Government. The Magistrate concluded that the Government was unable to discharge that burden in this case.

A review of the transcript shows that some testimony was introduced at the hearing as to the source of the money seized. However, the Magistrate did not make a finding as to whether the money seized was obtained through illegal drug transactions. The Magistrate stated at the hearing that he didn't think the status the money occupied at the time it was seized was dispositive. It is on this point that this Court takes issue. Defense counsel has requested an evidentiary hearing if the Court determines the source of the money to be a critical factor. Based upon the following legal authority, this Court concludes that the source of the money is a critical factor and the Court hereby refers the matter back to the Magistrate to conduct a hearing on this issue. He is directed to then give a recommendation to this Court. The parties are directed to advise the Magistrate as to the status of the administrative forfeiture proceeding.

As stated by counsel for the defendants, this case presents the issue of whether attorney's fees are subject to forfeiture under 21 U.S.C. § 881. The statute itself includes expansive categories so as to clearly include attorney's fees as being subject to forfeiture.

As stated in *United States v. One Parcel of Land*, 614 F.Supp. 183, 185 (D.C.Ill. 1985):

The plain language of the statute provides that "all monies" and "all proceeds" are subject to forfeiture ... Such fees [attorneys' fees], or payment, however, certainly fall within the broad terms of monies and proceeds and need not be listed as an individual item when such expansive categories have been established. Therefore, the plain language of section 881 includes attorney's fees within its list of property subject to forfeiture.

If the forfeiture of seized currency could be avoided by merely characterizing the currency as "attorney's fees" or, as in this case, "potential attorney's fees," every defendant in every case will claim the seized currency was going to be used to pay attorneys.

In *United States v. Thirteen Thousand Dollars in United States Currency,* 733 F.2d 581 (8th Cir.1984), the defendant was arrested at the airport carrying a shoulder bag containing, among other things, $13,000. After the seizure of the shoulder bag, the defendant assigned his entire interest in the contents of the bag to two attorneys. The assignment was for services the attorneys had rendered and would render in connection with the defense of the defendant and his wife in an upcoming criminal trial. The government subsequently sought forfeiture of the currency, forfeiture was ordered and the attorneys appealed the forfeiture to the United States Court of Appeals. The Eighth Circuit stated:

> 21 U.S.C. § 881(a)(6) provides for the forfeiture of "[a]ll moneys * * * furnished or intended to be furnished by any person in exchange for a controlled substance * * *." Under 19 U.S.C. § 1615, which is made applicable to these proceedings by 21 U.S.C. § 881(d), the government has the initial burden of showing probable cause for the institution of the forfeiture suit. Once probable cause for believing that the property was involved in criminal wrongdoing is established, the burden shifts to the claimant to show that the property was

not used in violation of the law. (citations omitted.)

*Id.* at 584.

It therefore appears that in the Eighth Circuit the source of funds is not only relevant but critical to the determination of forfeitability of the funds. To hold otherwise would, in this Court's opinion, lead to unintended results.

■ The argument that forfeiture of attorney's fees in this case would deprive the defendants of their Sixth Amendment right to counsel of their choice is unavailing. As stated in *United States v. One Parcel of Land, supra,* 614 F.Supp. at 187, "the purpose of the forfeiture statutes is to attack the economic base of the illicit drug industry" and defendant's right to choose his counsel may be dictated by his ability to use legally obtained resources to pay his counsel. The Court concluded:

> In brief, this Court cannot grant the motion to exclude all attorney's fees and litigation costs from a potential forfeiture under section 881. If the fees prove to be monies or proceeds from illicit drug transactions, this court has no power to exclude them from forfeiture.

*Id.*

■ The Court agrees with the Government that the following principles were established in *One Parcel of Land.* First and foremost, the Sixth Amendment does not require that a defendant in a federal criminal case be allowed to use monies made from illegal drug transactions to pay an attorney of the defendant's choice.[1] Secondly, the Sixth Amendment's right to counsel of choice is a qualified right and one legitimate, reasonable qualification on the exercise of the right is the defendants' ability to pay counsel with legally acquired funds. Thirdly, Congress, by enacting laws against drug trafficking and providing for the forfeiture of drug-related assets, has established a strong public policy on these matters.

The Court is aware of the pronouncement made in *United States v. Harvey, supra,* upon which the Magistrate heavily

---

**1.** The Court notes that in the present case, defendants did have counsel of their choice. In the event the seizure is allowed to stand and defendants are determined to be paupers, the attorneys will be paid under the provisions of 18 U.S.C. § 3006A.

relied in rendering his decision. In *Harvey,* the panel of the Fourth Circuit Court of Appeals held that a defendant was entitled to use the proceeds derived from illegal activity to pay his attorney of choice. The *Harvey* decision reasoned that to do otherwise would violate a defendant's Sixth Amendment right to counsel of choice. The panel in *Harvey* found that the government could forfeit the proceeds derived from criminal activity which a defendant had agreed to pay as a fee to his attorney of choice only in two situations. First, the agreed fee would be forfeited if the government could prove the fee or transfer of assets to the attorney was a sham or fraud. Secondly, the agreed fee could be forfeited if the government could prove the defendant had sufficient or adequate untainted resources with which to pay an attorney. The Court does not consider the *Harvey* decision to be controlling precedent in this matter for the reasons cited by the Government in its brief, i.e., the panel decision is a Fourth Circuit decision, and the facts in *Harvey* are distinguishable. The monetary seizure in the present case was made pursuant to a search warrant and before any attorney for the defendants was involved in the case. *Harvey* involved a pre-trial order restraining all of the defendant's assets.

The Court recognizes that the question involved in this case is a close one. However, in light of the legal authority referred to above, the strong public policy on drug trafficking and the forfeitability of drug-related assets, and the distinguishing features in the *Harvey* decision, the Court chooses to reverse the Magistrate's findings and remands the matter back to the Magistrate with directions to proceed in accordance with this Order.[2]

---

**2.** The request of counsel for Raymond Earl Bailey to affirm the Magistrate's order because the government failed to file a Notice of Appeal from the Magistrate's order of June 2, 1987 is unavailing. Clearly, the Magistrate's June 2 order stated that Mr. Davis was to be paid out of the forfeited funds for the reason, and in the manner, applicable to Mr. Lewis. The Court is reversing the Magistrate's order and remanding the case to the Magistrate for further findings. Since the same issue is involved in both cases, the rulings in one case on this issue will·be applicable to both cases.