865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Perrow MOON III, Defendant-Appellant.
 No. 86-5132.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided: Dec. 12, 1988.
 
 David Preston Baugh, for appellant.
 Thomas Jack Bondurant, Jr., Karen Breeding Peters (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Perrow Moon appeals his conviction under 18 U.S.C. Sec. 201(e) for corruptly demanding money in return for being influenced in his testimony. Appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that review of the record has failed to reveal any meritorious issues for appeal. Moon has filed a pro se brief raising counsel's failure to bring to trial an allegedly crucial piece of evidence.
 
 
 2
 Although claims of ineffective assistance are generally pursued on collateral attack rather than on direct appeal to permit the development of additional evidence, see United States v. Raimondo, 721 F.2d 476, 477 (4th Cir.1983), cert. denied, 469 U.S. 837 (1984), the record in this case affords an adequate basis for addressing Moon's claim. The piece of evidence to which Moon refers is an envelope in which threatening material was allegedly mailed to Moon. It was Moon's contention at trial that he sought money from the Federal Bureau of Investigation not in return for being influenced in his potential testimony but in order to relocate his family because his activities as an informant had jeopardized their safety. Although the envelope in which the threatening material was mailed was relevant to this contention, it was not critical. Both Moon and his wife testified to receiving the material, and the material, without the envelope, was admitted into evidence. There is not a reasonable probability that introduction of the envelope in addition would have affected the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 694 (1984). Moon therefore cannot prevail on a claim of ineffective assistance premised on counsel's failure to bring the envelope to court.
 
 
 3
 In accordance with Anders, we have independently reviewed the record and all pertinent papers in this case. We have found no nonfrivolous grounds for appeal and accordingly affirm the judgment below.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 5
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 6
 AFFIRMED.