ZINTER, Justice
(concurring in part and dissenting in part).
[¶ 51.] I concur in the Court’s analysis finding no statutory or Sixth Amendment basis for court-appointed counsel. However, I respectfully dissent from that portion of the Court’s opinion concluding that the Due Process Clause requires the appointment of counsel in the discovery phase of a civil forfeiture case.
[¶ 52.] The basis for the Court’s opinion, as well as its conclusion that the *103 State’s overwhelming case authority is in-apposite, is the Court’s observation that the civil forfeiture was initiated before a criminal action was commenced. From this, the Court assumes that the civil forfeiture will be pursued prior to a criminal prosecution. Supra ¶¶ 31-33. And, from this assumption, the Court speculates that “there is a real and significant danger that Apple could prejudice himself in respect to the subsequent criminal proceeding.” Supra ¶ 28 (emphasis added). Based upon this foundational chain of assumption and speculation, the Court ultimately concludes that due process mandates court-appointed counsel in the discovery phase of civil litigation. However, the Court’s assumptions and speculations are unsupported by the record, are erroneous; and, even if they were correct, are irrelevant.
[¶ 53.] It is noteworthy that the Court acknowledges that the risk of prejudice requiring court-appointed counsel would be alleviated if the State chose to prosecute the civil forfeiture after the criminal proceeding. Sv/pra ¶ 30. Yet, the Court fails to acknowledge that there is no record evidence that the State intends to proceed with the forfeiture before the criminal proceeding is concluded. There is no such evidence because, at the time the circuit court appointed counsel and at the time this appeal was taken, no criminal proceeding had been commenced. Thus, the Court’s only source for the existence of a criminal proceeding is the State’s extra-record disclosure in its Reply Brief; information of which the circuit court was unaware.
[¶ 54.] But more fundamentally, if one reviews the only record evidence concerning this matter, this Court’s speculation is erroneous. The only evidence on this point suggests that the forfeiture will not be prosecuted before the criminal case. In its brief to this Court, the State answered this Court’s contrary speculation by citing evidence suggesting that the forfeiture would be delayed until after Apple’s criminal case was prosecuted: the State identified an exhibit reflecting that Apple had executed a waiver of his statutory right to the forfeiture trial within sixty days.[4] And, because the State must try Apple’s criminal ease within 180 days of his first appearance, SDCL 23A-44-5.1, the likelihood of prosecuting the forfeiture first is more implausible than realistic.
[¶ 55.] It must also be reiterated that the circuit court did not appoint counsel under the constitutional theory adopted by this Court, or in fact, under any constitutional or statutory theory. The record reflects that when the circuit court made its decision, Apple had not been indicted, the forfeiture was in the discovery phase, and the circuit court simply appointed counsel to assist in civil discovery. As far as authority for the appointment, the circuit court stated that it was a matter of “equity”[5] because Apple wanted to estab *104 lish that he earned the money “through the sweat of his brow,” and the circuit court was not going to require him to “run up against the Attorney General’s office and their skills and ability without an attorney.”
[¶ 56.] Clearly, circuit courts do not have authority to appoint publicly financed counsel simply because they wish to do equity in a civil case. It appears that there are currently four sources of authority to appoint counsel. Initially, “[t]he United States Constitution contains two sources of a right to counsel: the Fifth and Sixth Amendments.” State v. Cruz, 122 P.3d 543, 555 (Utah 2005) (citing Michigan v. Jackson, 475 U.S. 625, 629, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986)). However, at the time the circuit court appointed counsel, no Sixth Amendment right was implicated because Apple had not been charged with a criminal offense: “The United States Supreme Court has noted that ‘[t]he Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings, and before proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel.’ ” Id. at 555 (quoting Davis v. United States, 512 U.S. 452, 456-57, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)). Furthermore, no Fifth Amendment right was implicated because Apple was not in custody on a criminal offense related to the forfeiture. Id. This only leaves state statutory authority, which is concededly inapplicable, or the due process balancing analysis under Lassiter v. Department of Social Services, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981), and Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). However, the circuit court’s “equity” decision was not based on any of these theories. Therefore, this Court certainly errs in affirming the circuit court’s analysis. See supra ¶ 34.
[¶ 57.] With respect to the merits of a due process right to counsel, the Court fails to recognize when a real and significant danger of loss of liberty arises in civil litigation. It may arise if Apple elects to waive his Fifth Amendment rights, or it will arise if the State seeks to compel Apple’s testimony. However, at the time of the appointment and at the time this appeal was taken, there was no evidence that the State sought to compel testimony. And, Apple is, of course, free to waive his Fifth Amendment rights in any civil litigation. It is also noteworthy that Apple had only sought counsel at the discovery stage[6] of the forfeiture. Therefore, like any other civil case not involving compelled testimony, there was an insufficient risk of a loss of liberty at that time to invoke a due process right to counsel.
[¶ 58.] This Court cites no decision supporting its opinion, and it is contrary to the decisions of other courts that have considered the issue. For example, even though a defendant had pleaded guilty, the Pennsylvania Supreme Court categorically concluded that:
[T]he Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require that court- *105 appointed counsel be provided to indigent claimants in civil forfeiture cases under Pennsylvania’s Controlled Substances Forfeitures Act.[7]
Because a claimant in a civil forfeiture proceeding is not in danger of a loss of personal liberty should he be unsuccessful at trial, we now hold that there is no constitutional right to the appointment of counsel for indigent claimants in civil forfeiture matters under ... the United States Constitution.
Com. v. $9,847.00 U.S. Currency, 550 Pa. 192, 201, 704 A.2d 612, 617 (1997). See also People v. Madeyski, 94 Cal.App.4th 659, 664, 115 Cal.Rptr.2d 14, 17 (Cal.App. 6 Dist.2001) (finding no due process right to court-appointed counsel); People v. $30,000 U.S. Currency, 35 Cal.App.4th 936, 942-943, 41 Cal.Rptr.2d 748, 752 (Cal.App. 4 Dist.1995) (although the defendant’s criminal proceedings had concluded, the court found that because a defendant’s participation in a civil forfeiture proceeding is voluntary, there is no due process right to counsel); State v. One Blue Corvette, 732 A.2d 856, 859 (Me.1999) (court mistakenly appointed counsel in forfeiture proceeding).
[¶ 59.] Considering the rationale of the cases that have considered this issue, this Court is wrong in asserting that the State’s cases are all distinguishable because they do not involve civil forfeiture proceedings initiated prior to criminal charges. Supra ¶ 33. The courts that have considered the due process issue have failed to attach any relevance to the status of the criminal proceedings. Supra ¶ 58. Instead, they categorically find no due process right to counsel. Therefore, I would follow precedent. I would decline to plow new ground unearthing an unprecedented constitutional right to court-appointed counsel in the discovery phase of a civil case.

. SDCL 34-20B-88 provides:
If a verified answer is filed, the forfeiture proceedings shall be set for hearing on a day not more than sixty days therefrom; at the hearing, the state shall establish probable cause for instituting the forfeiture action following which any owner, party in interest or claimant who has filed a verified answer shall have the burden of proving that the property seized is not subject to forfeiture under this chapter. If the court finds that the property is not subject to forfeiture under this chapter, the court shall order the property released to the owner, party in interest or claimant as his right, title or interest appears; the court shall order the property forfeited if it determines that such property was subject to forfeiture.

. In quoting the circuit court’s basis for appointing counsel at ¶ 6, supra, this Court fails to include the circuit court’s opening sentence of the quotation that clearly explains its legal *104 basis for appointing counsel; i.e., a "matter of equity.”

. Before counsel was appointed, Apple, without the assistance of counsel filed a "Motion for Release of Money” and a "Motion for 30-Day Continuance.” He filed the latter motion on October 17, 2005, indicating that he was seeking legal assistance, was gathering evidence, and was hoping to finish answering the first set of interrogatories. He asked for the continuance only because he was having difficulty in meeting the deadlines. He also filed answers to interrogatories on October 31, 2005, without the apparent assistance of counsel.

. The Pennsylvania Supreme Court cited the following cases as consistent with its holding:
United States v. $292,888.04 U.S. Currency, 54 F.3d 564 (9th Cir.1995); United States v. 1604 Oceola, Wichita Falls, Texas, 803 F.Supp. 1194 (N.D.Tex.1992); United States v. 1606 Butterfield Rd. Dubuque, Iowa, 786 F.Supp. 1497 (N.D.Iowa 1991); United States v. 4204 Cedarwood, Matteson, IL, 614 F.Supp. 183 (D.C.Ill.fcic] 1985); Reselc v. State, 706 P.2d 288 (Alaska 1985); People v. $30,000 United States Currency, 35 Cal. App.4th 936, 41 Cal.Rptr.2d 748 (1995); Morgenthau v. Garcia, 148 Misc.2d 900, 561 N.Y.S.2d 867 (1990).
Com. v. $9,847.00 U.S. Currency, 550 Pa. 192, 201, 704 A.2d 612, 617, n. 9 (1997).