## UNITED STATES of America

v.

**BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, International Credit and Investment Company (Overseas) Limited, Defendants.**

Crim. No. 91–0655 (JHG).

United States District Court,
District of Columbia.

Aug. 19, 1993.

Stefan D. Cassella, U.S. Dept. of Justice, Washington, DC, for U.S.

Anton Seravaseiyar, pro se.

Ahmed Shahriar, pro se.

Ahmed Siddiqi, pro se.

Margaret M. White, pro se.

### ORDER DISMISSING THE AUGUST 21, 1992 PETITION OF ANTON SERAVASEIYAR, THE AUGUST 25, 1992 PETITION OF AHMED SHAHRIAR, THE JUNE 22, 1992 PETITION OF AQUEEL AHMED SIDDIQI, AND THE SEPTEMBER 8, 1992 PETITION OF MARGARET MARY WHITE

JOYCE HENS GREEN, District Judge.

Presently pending is the United States' Motion to Dismiss Round Two Petitions of BCCI Depositors, addressing the petitions for hearings to adjudicate interests in forfeited property filed by Anton Seravaseiyar ("Seravaseiyar"), Ahmed Shahriar ("Shahriar"), Aqueel Ahmed Siddiqi ("Siddiqi"), and Margaret Mary White ("White"). Upon consideration of the motion and all filings relating thereto, the four petitions are dismissed.

### BACKGROUND

On January 24, 1992, this Court, following findings of fact and conclusions of law with supporting reasons made in open court, accepted the pleas of guilty of the four corporate defendants (collectively "BCCI") and the plea agreement between them and the United States of America. Thereupon, and in accordance with 18 U.S.C. § 1963, an Order of Forfeiture was entered. Paragraph 1(e) of the Order provides that the corporate defendants named in this action shall forfeit to the United States ownership interests in all property located in the United States, including, without limitation, real property and all tangible and intangible personal property, however held, whether subsequently identified, determined or discovered in the course of the ongoing liquidation proceedings described therein or otherwise identified, determined, or discovered in any manner at any time, but not property that may be brought into the United States by or on behalf of court-appointed fiduciaries of BCCI in the course of the management or disbursement of the liquidation estates as described in the plea agreement. Attached to the January 24, 1992 Order as Exhibit A was a list of specific BCCI accounts, with corresponding numbers, names, and approximate balances, which the United States Marshals Service was directed to seize forthwith. Because the government was unable to verify certain information concerning additional forfeitable accounts at the time the Order of Forfeiture was entered, the Court issued a supplemental Order on January 31, 1992 which directed immediate seizure of the specific assets listed therein.

In satisfaction of 18 U.S.C. § 1963($l$)(1), and to inform third parties of potential rights to seek recovery of assets declared forfeited, the United States published notice of the Order of Forfeiture, as amended, during the period between February 13, 1992 and March 27, 1992 in eleven major United States newspapers including the *Wall Street Journal,* the *New York Times,* the *Chicago Tribune,* and the *Los Angeles Daily Journal.* *See* Government's Compliance with Order of May 8, 1992, filed May 12, 1992. In addition, personal notice was sent to over 340 persons and entities as late as April 3, 1992. *Id.*

In response to the notice published by the government, several depositors filed petitions seeking to recover funds transferred to BCCI, including Seravaseiyar, who filed a petition on April 27, 1992 requesting return of $2,046 which he deposited with BCCI (Overseas) Sri Lanka, and White, who filed a petition on April 29, 1992 seeking to obtain £75,333.62 which she deposited with the Bank of Credit and Commerce Gibraltar, Limited. The government filed a motion to dismiss these two petitions, as well petitions filed by four other depositors, on June 5, 1992.[1] Subsequent to the filing of that motion, Siddiqi filed his petition, which seeks recovery of $28,500. Mr. Siddiqi claims to have purchased two demand drafts totalling that amount from BCCI (Overseas) Sri Lanka and alleges that BCCI was shut down before

---

1. The motion was granted in an Order issued January 7, 1993. *United States v. BCCI Holdings* *(Luxembourg), S.A.,* 814 F.Supp. 106 (D.D.C. 1993).

he could cash the drafts at Security Pacific International Bank in New York.

On June 24, 1992, the government filed a Motion to Amend Order of Forfeiture to Include Additional Property, seeking forfeiture and seizure of assets in newly discovered bank accounts held in the names of the corporate defendants, proceeds from the sale of a condominium purchased with resources provided by a corporate defendant, money remaining in a "BCCI Legal Fund" established by one of the corporate defendants for the defense of its employees' legal interests, a bankruptcy distribution to one of the corporate defendants, and assets held at various New York financial institutions in the name of ICIC Investments Ltd., a sibling corporation of defendant ICIC (Overseas) Ltd. The Court granted the government's motion and issued an Order of Forfeiture on July 29, 1992. The United States subsequently provided notice of the Order to potential claimants.[2]

In response to the notice of the more recent Order of Forfeiture, Seravaseiyar and White filed second petitions which asserted essentially the same interests as those claimed in their first submissions. In addition, Shahriar filed a petition seeking to recover $700 which he transferred to a foreign currency account at BCCI (Overseas) Dhaka. The government filed its motion to dismiss the petitions of Siddiqi and Shahriar and the second petitions of Seravaseiyar and White on December 1, 1992. Only Siddiqi filed an opposition and the government declined to submit a reply.

## DISCUSSION

Title 18, United States Code, § 1963 sets forth an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims. The provision granting standing to parties seeking to amend an order of forfeiture to exclude certain property states:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice ..., whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

18 U.S.C. § 1963($l$)(2). Section 1963($l$)(6) sets forth the substantive elements which a third party must establish to successfully obtain amendment of an order of forfeiture and provides in full:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.[3]

Only by establishing standing and satisfaction of all requisite elements of either § 1963($l$)(6)(A) or (B) may a party obtain judicial relief from an order of forfeiture. *See United States v. Schwimmer*, 968 F.2d 1570, 1584 (2d Cir.1992) ("The *only* role of the District Court is to amend the order of

---

2. Over 100 petitions to amend the two Orders of Forfeiture have been filed as of this date.

3. Title 18 U.S.C. § 1963($l$)(6) contains exactly the same language as 21 U.S.C. § 853(n)(6), the statute providing for forfeiture in criminal narcotics cases, and it appears that no court has interpreted these two provisions differently. Because the two subsections are identical and because of the relative dearth of caselaw interpreting and applying § 1963($l$), the Court's opinion relies on reasoning contained in § 853(n) cases as well as in § 1963($l$) cases.

forfeiture where a genuine property interest of the sort specified in § 1963(*l*)(6) is demonstrated.") (emphasis in the original); *United States v. Lavin*, 942 F.2d 177, 187 (3d Cir. 1991) ("Those third parties who fall outside of the [limited avenues of relief], regardless of how sympathetic they are, must petition the Attorney General for relief.") If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing. *See United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir.1988); *United States v. Mageean*, 649 F.Supp. 820, 825 (D.Nev.1986), *aff'd without opinion*, 822 F.2d 62 (9th Cir. 1987); S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3374, 3391.

## A. STANDING ISSUES ARISING UNDER 18 U.S.C. § 1963(*l*)(2)

█ Review of the petitions addressed by the government's motion to dismiss reveals that all four depositors are seeking to recover funds as general or unsecured creditors of BCCI. *See United States v. BCCI Holdings (Luxembourg), S.A.*, 814 F.Supp. at 109–110. As recognized by this Court and most, if not all, other courts addressing the issue, an unsecured creditor does not possess an interest in any specific asset of a debtor and merely has a general interest in the debtor's entire estate. *See id.* at 110; *Schwimmer*, 968 F.2d at 1581 ("A general creditor has no interest in a particular asset or particular funds that is either vested or superior to a defendant's. He may have a right to receive payment, but he does not have a property interest superior to defendant's in any particular asset or funds...."); *Campos*, 859 F.2d at 1240 (unsecured creditors who filed third-party claims "failed to allege or make a prima facie showing of any legal right, title, or interest *in the forfeited property*") (emphasis added); *United States v. Reckmeyer*, 836 F.2d 200, 206 & n. 3 (4th Cir.1987) ("Unlike secured creditors, general creditors cannot point to any one specific asset and claim that they are entitled to payment of the value of that specific asset. General creditors instead enjoy a legal interest in the entire estate of the debtor."); *Mageean*, 649

F.Supp. at 828 ("The Court ... concedes the trade creditors do not, in a technical sense, have legal interests in the forfeited property."). Because general creditors are unable to assert interests in specific assets, they cannot assert legal rights, titles, or interests "in property which has been ordered forfeited" as required by § 1963(*l*)(2), at least in situations where a defendant's entire estate is not subject to forfeiture. *See Reckmeyer*, 836 F.2d at 206 n. 3 ("It is the dilemma of linking their interest to a specific asset rather than the problem of asserting a legal interest in the debtor's estate that frustrates general creditors who attempt to contest ... forfeitures."). Accordingly, given that the Court's Orders of Forfeiture reach only property located in the United States and not the entire estates of the four corporate defendants, Seravaseiyar, Shahriar, Siddiqi, and White, as unsecured creditors of BCCI, do not have standing to seek amendment of the Court's Orders of Forfeiture under § 1963(*l*)(2) and their petitions must be dismissed.

## B. ISSUES RELATING TO THE SUBSTANTIVE REQUIREMENTS OF 18 U.S.C. § 1963(*l*)(6)(A) AND (B)

█ Even were the depositors found to have standing under § 1963(*l*)(2), they could not be considered to have the "vested" or "superior" rights, titles, or interests in forfeited property which are required by § 1963(*l*)(6)(A). As recognized by the Second Circuit, "the categories of *vested* and *superior* are intended to cover those cases where the Court lacks jurisdiction over the property because it is not really 'property of the defendant.'" *Schwimmer*, 968 F.2d at 1581 (emphasis in the original). Because unsecured creditors lack property interests superior to a defendant's in particular assets or funds, their asserted interests do not "undermine the court's jurisdiction over the property, and [do] not invalidate the order of forfeiture. Thus, a general creditor has no interest in particular assets or funds that warrants an amendment of an order of forfeiture under § 1963(*l*)(6)(A)." *Id.*

█ In addition to failing to meet all requirements of § 1963(*l*)(6)(A), Seravasei-

yar, Shahriar, Siddiqi, and White are unable to satisfy all prerequisites of the only other basis for court-ordered relief, § 1963(*l*)(6)(B). When defining the third parties who could recover under subsection (B), Congress used the phrase "bona fide purchaser for value," a legal term of art referring to certain buyers of tangible property. *See Lavin,* 942 F.2d at 185; *Campos,* 859 F.2d at 1238; *Mageean,* 649 F.Supp. at 829. Though some courts applying § 1963(*l*)(6)(B) or its equivalent in the Comprehensive Drug Abuse and Control Act, 21 U.S.C. § 853(n)(6)(B), have interpreted the phrase to include any person engaging in an arms' length business transaction, *see, e.g., Reckmeyer,* 836 F.2d at 208; *Mageean,* 649 F.Supp. at 829, such a broad interpretation of the phrase is inappropriate. As Justice O'Connor has noted, "a judge must presume that Congress chose its words with as much care as the judge [herself] brings to bear on the task of statutory interpretation," *FBI v. Abramson,* 456 U.S. 615, 635, 102 S.Ct. 2054, 2066, 72 L.Ed.2d 376 (1982) (dissenting opinion), and the literal language of a statute should be conclusive in the absence of a clearly expressed legislative intent to the contrary. *See Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983). *See also Evans v. United States,* —— U.S. ——, ——, 112 S.Ct. 1881, 1885, 119 L.Ed.2d 57 (1992) ("It is a familiar 'maxim that a statutory term is generally presumed to have its common-law meaning.' ") (quoting *Taylor v. United States,* 495 U.S. 575, 592, 110 S.Ct. 2143, 2155, 109 L.Ed.2d 607 (1990)). Congress could easily have adopted language in § 1963(*l*)(6)(B) expressly providing protection to all parties engaged in arms' length transactions with defendants, and its failure to do so is strong evidence of a desire not to provide such a wide avenue of relief. The Senate Judiciary Committee's report on the statute does not provide persuasive evidence of a clear intent to the contrary. It is true that the report recognized that the purpose of the relation back doctrine codified at § 1963(c) was to "close a potential loophole in current law whereby the criminal forfeiture sanction could be avoided by transfers that were not 'arms' length.' " S.Rep. No. 225, 98th Cong., 2d Sess. 200–01, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3383–3384 ("S.Rep.") (emphasis added). However, when the report addressed the nature of the relief available to third parties under § 1963(*l*)(6), the provision at issue here, it used narrower language and spoke only of vested or superior interest holders and "bona fide *purchasers* for value." S.Rep. at 209, 1984 U.S.Code Cong. & Ad.News 3392 (emphasis added). Accordingly, in light of the clear statutory language and the absence of an unambiguously expressed contrary intent of Congress, the phrase "bona fide purchaser for value" is interpreted to refer only to a certain class of buyers of tangible property. Because the depositors did not obtain their alleged interests through the purchase of tangible property, they would not be entitled to relief under § 1963(*l*)(6)(B) even were they found to have standing under § 1963(*l*)(2).

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that the petitions filed by the following claimants on the following dates are dismissed:

**Anton Seravaseiyar,** filed August 21, 1992;

**Ahmed Shahriar,** filed August 25, 1992;

**Aqueel Ahmed Siddiqi,** filed June 22, 1992; and

**Margaret Mary White,** filed September 8, 1992.

IT IS SO ORDERED.